Roger G. Perkins, Esq. (SBN 86617)
RPerkins@clarkhill.com
Erin E. Hanson, Esq. (SBN 272813)
EHanson@clarkhill.com
**CLARK HILL LLP**
One America Plaza
600 West Broadway, Suite 500
San Diego, California 92101
Telephone:   (619) 557-0404
Facsimile:    (619) 557-0460

Attorneys for Defendant
FCA US LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA KOLAKOWSKI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company; LITHIA OF SANTA ROSA, INC. d/b/a LITHIA CHRYSLER JEEP DODGE OF SANTA ROSA, a California Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:19-cv-04260<br><br>(Sonoma Superior Court Case No.: SCV-264670)<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTION 1331 (FEDERAL QUESTION)**<br><br>**[28 U.S.C. §§ 1331, 1441, 1446]**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Trial Date:   None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO THE PLAINTIFF AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant FCA US LLC ("Defendant") by and through its attorneys of record hereby remove to this Court the state court action described herein from the Superior Court of the State of California in and for the County of Sonoma to the United States District Court for the Northern District of California on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331,

28 U.S.C. § 1441(a), 28 U.S.C. § 1446(b), and 28 U.S.C. § 1367(a) as follows:

## COMPLAINT AND TIMELINESS OF REMOVAL

1.  This Notice of Removal is timely. Plaintiff commenced their action in the Superior Court of the State of California in and for the County of Sonoma, entitled *SANDRA KOLAKOWSKI v. FCA US LLC, et al.,* and bears case number SCV-264670 (the "*Kolakowski* action") on June 21, 2019. A true and correct copy of the Summons and Complaint are attached hereto as **Exhibits A and B**.

2.  The first date on which Defendant received a copy of the summons and complaint in the *Kolakowski* action was on June 24, 2019 when they were served with a Summons and Complaint. This notice of removal is timely because pursuant to 28 U.S.C. § 1441(b), Defendant has until July 24, 2019 to file this notice.

3.  A named defendant's time to remove is triggered by service of the summons and complaint, but not by mere receipt of the complaint unattended by any formal service. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-348 (1999). Here, Defendants' 30-day deadline for removal set forth in 28 U.S.C. § 1446(b)(3) began to run only after Defendant was properly served with the Summons and Complaint in this case on June 24, 2019.

4.  Defendant now timely files this Notice of Removal before its 30-day removal deadline has expired.

## FEDERAL QUESTION JURISDICTION

5.  This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action containing a cause of action "arising under the Constitution, laws, or treaties of the United States."

6.  Plaintiff alleges a cause of action under the federal Magnuson-Moss Warranty Act, pursuant to 15 U.S.C. § 2301, *et seq*.  Plaintiff alleges the amount in controversy is in excess of $50,000.  Plaintiff seeks a refund of the purchase price of $44,210.88, two times civil penalty, and attorneys' fees.  *(*Ex. A, Complaint 3:13;

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO
28 U.S.C. SECTION 1331 (FEDERAL QUESTION)

9:22-26; 11:2,6,8).

7.  Plaintiff alleges that Defendant violated the Magnuson-Moss Warranty Act by failing to repair and/or properly repair defects and failing to honor the written warranty (Ex. A, Complaint ¶¶41, 44).

8.  Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff is subject to personal jurisdiction in this judicial district and a substantial part of the events giving rise to this lawsuit occurred in the Northern District of California. Additionally, this action was originally filed in Sonoma Superior Court.

## JURISDICTION OVER STATE LAW CLAIMS

9.  Plaintiffs' other causes of action and claims for relief asserted in this action (First Cause of Action – Breach of Implied Warranty of Merchantability under Song-Beverly Warranty Act against all Defendants; Second Cause of Action – Breach of Express Warranty of Merchantability under Song-Beverly Warranty Act against all Defendants; Third Cause of Action – Breach of Written Warranty under Magnuson-Moss Warranty Act against all Defendants; Fourth Cause of Action – Breach of Implied Warranty under Magnuson-Moss Warranty Act against all Defendants) arise out of the same set of facts and are part of the same case and controversy involving the alleged breach of the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the vehicle. As such, this Court has supplemental jurisdiction of these causes of action within the meaning of 28 U.S.C. § 1367(a).

## ALL DEFENDANTS CONSENT

10. Co-Defendant, Lithia of Santa Rosa, Inc. dba Lithia Chrysler Jeep Dodge of Santa Rose ("Lithia") consents to the removal of this action.  Lithia's counsel provided FCA's counsel with written consent to removal.  *See* Hanson Decl. ¶6.

## VENUE IS PROPER

11. This removal notice is filed in the United States District Court for the

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO
28 U.S.C. SECTION 1331 (FEDERAL QUESTION)

1  Northern District of California because the *Kolakowski* action is pending in the

2  County of Sonoma.

3                    **SERVICE OF NOTICE ON PLAINTIFF AND STATE COURT**

4       12. Defendant will promptly serve a copy of this Notice on Plaintiff and will

5  promptly file a copy with the clerk of the state court where the case is filed. Upon

6  service of this Notice on Plaintiff, Defendant will file a Notice of Proof of Service

7  with this Court.

8       13. Defendant has sought no similar relief with respect to this matter.

9       14. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all

10 "process, pleadings, and orders" on file in the state court action are attached hereto:

| EXHIBIT | DOCUMENT TITLE | DATE |
|---------|----------------|------|
| A. | Summons | June 21, 2019 |
| B. | Complaint | June 21, 2019 |
| C. | Civil Case Cover Sheet | June 21, 2019 |
| D. | Notice of Case Assignment | June 21, 2019 |
| E. | Answer to Complaint | July 24, 2019 |

    **WHEREFORE,** Defendant respectfully requests that the above-captioned

action pending before the Superior Court of the State of California in and for the

County of Sonoma be removed to the United States District Court for the Northern

District of California.

Dated:  July 24, 2019                    CLARK HILL LLP

                                         By: _____
                                              Roger G. Perkins
                                              Erin E. Hanson
                                              Attorneys for Defendant
                                              FCA US LLC

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO
28 U.S.C. SECTION 1331 (FEDERAL QUESTION)

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** FCA US LLC, a Delaware Limited
*(AVISO AL DEMANDADO):* Liability Company; LITHIA OF
SANTA ROSA, INC. d/b/a LITHIA CHRYSLER JEEP DODGE OF
SANTA ROSA, a California Corporation; and DOES 1
through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** SANDRA KOLAKOWSKI, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual,

> FOR COURT USE ONLY
> (SOLO PARA USO DE LA CORTE)
>
> ENDORSED
> FILED
>
> JUN 21 2019
>
> SUPERIOR COURT OF CALIFORNIA
> COUNTY OF SONOMA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org) en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Sonoma Superior Court<br>600 Administration Drive, Room 107J<br>Santa Rosa, CA 95403 | **CASE NUMBER**<br>*(Número del Caso):*<br>SCV-264670 |

The name, address and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher M. Lovasz, Esq. (SBN 303120)       562-424-3293    562-595-1849
CONSUMER LEGAL SERVICES, P.C.
2330 Long Beach Blvd.
Long Beach, CA 90806

| DATE:<br>*(Fecha)* | **JUN 21 2019** | ARLENE D. JUNIOR Clerk, by<br>*(Secretario)* | **DIANE CHENEY** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS**<br>Legal<br>Solutions<br>⊕ Plus | Code of Civil Procedure §§ 417.20, 465 |

# EXHIBIT B

**CONSUMER LEGAL SERVICES, P.C.**
Christopher M. Lovasz, Esq. (SBN 303120)
Jeeho H. Lim, Esq. (SBN 297365)
2330 Long Beach Boulevard
Long Beach, California 90806
Telephone: (562) 424-3293
Facsimile: (562) 595-1849

Attorneys for Plaintiff,
SANDRA KOLAKOWSKI

ENDORSED
FILED

JUN 2 1 2019

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SONOMA

| | |
|---|---|
| SANDRA KOLAKOWSKI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company; LITHIA OF SANTA ROSA, INC., d/b/a LITHIA CHRYSLER JEEP DODGE OF SANTA ROSA, a California Corporation; and DOES 1 through 20, inclusive.<br><br>Defendants. | CASE NO.: SCV - 264670<br><br>Assigned for all purposes to:<br>Dept.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Breach of Implied Warranty of Merchantability under the Song-Beverly Warranty Act.**<br><br>2. **Breach of Express Warranty under the Song-Beverly Warranty Act.**<br><br>3. **Breach of Express Warranty under the Magnuson-Moss Warranty Act.**<br><br>4. **Breach of Implied Warranty of Merchantability under the Magnuson-Moss Warranty Act.**<br><br>**JURY TRIAL DEMANDED** |

1

**PLAINTIFF** SANDRA KOLAKOWSKI hereby alleges and complains as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1.     Plaintiff is an individual, residing in the City of Palm Desert, County of Riverside, in the State of California.

2.     Defendant FCA US LLC (hereinafter referred to as "Manufacturer") is a limited liability company doing business in the County of Sonoma, State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of Dodge motor vehicles and related equipment.

3.     Defendant LITHIA OF SANTA ROSA, INC. d/b/a LITHIA CHRYSLER JEEP DODGE OF SANTA ROSA (hereinafter referred to as "Seller") is a corporation doing business in the County of Sonoma, State of California, and, at all times relevant herein, a Manufacturer-authorized agent engaged in the business of selling/leasing and servicing and repairing Manufacturer's vehicles.

4.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants, Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when they have ascertained them. Further, Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to Plaintiff as herein alleged.

5.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in

doing the things hereinafter alleged Defendants, and each of them, were acting in the course

and scope of their employment as such agents, servants, and/or employees, and with the

permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or

employers.

6.      Before September 7, 2012, Defendants, Manufacturer and Does 1 through 20

inclusive, manufactured and/or distributed into the stream of commerce a new **2012 Dodge

Grand Caravan, VIN: 2C4RDGDG6CR312345** (hereinafter referred to as the "Vehicle")

for its eventual sale/lease in the State of California.

7.      On or about September 7, 2012, Plaintiff purchased, for personal, family, and/or

household purposes, the subject Vehicle from the Seller for a total consideration over the term

of the installment contract of $44,210.88. Retail Installment Sale Contract is in the possession

of Defendants.

8.      The subject Vehicle was/is a "new motor vehicle" under the Song-Berly Warranty

Act.

9.      Along with the purchase of the Vehicle, Plaintiff received written warranties and other

express and implied warranties including, but not limited to, warranties from Manufacturer

and Seller that the Vehicle and its components would be free from all defects in material and

workmanship; that the Vehicle would pass without objection in the trade under the contract

description; that the Vehicle would be fit for the ordinary purposes for which it was intended;

that the Vehicle would conform to the promises and affirmations of fact made; that

Defendants, and each of them, would perform any repairs, alignments, adjustments, and/or

replacements of any parts necessary to ensure that the Vehicle was free from any defects in

material and workmanship; that Defendants, and each of them, would maintain the utility of

3

the Vehicle for three years or 36,000 miles pursuant to the basic warranty, five years or 100,000 miles pursuant to the drivetrain warranty, and would conform the Vehicle to the applicable express warranties. (A copy of the written warranty is in the possession of the Defendants).

10.     Plaintiff has duly performed all the conditions on Plaintiff's part under the purchase agreement and under the express and implied warranties given to plaintiff, except insofar as the acts and/or omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such performance.

11.     Plaintiff has delivered the Vehicle to the Manufacturer's authorized service and repair facilities, agents and/or dealers, including Seller, on several separate occasions resulting in the Vehicle being out of service by reason of repair of nonconformities. Repair Orders/Invoices are in the possession of Defendants.

12.     By way of example, and not by way of limitation, the defects, malfunctions, misadjustments, and/or nonconformities with Plaintiff's Vehicle include the following: recalls, tire pressure light illuminations, jerking concerns, transmission malfunctions, e-brake defects, engine malfunctions, tappets replacements, rocker rollers replacement, TIPM replacement, check engine light illuminations, cylinder head exhaust cam replacement, HVAC malfunctions, acceleration concerns, clutch replacement, input shaft replacement, transmission oil pump replacement, torque converter replacement and PCM replacement, among other concerns.

13.     Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized service and repair facility, Plaintiff notified Defendants, and each of them, of the defects, malfunctions, misadjustments, and/or nonconformities existent with the Vehicle and

1    demanded that Manufacturer or its representatives repair, adjust, and/or replace any necessary

2    parts to conform the Vehicle to the applicable warranties.

3    14.    Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized

4    service and repair facility, Defendants, and each of them, represented to Plaintiff that they

5

6    could and would conform the Vehicle to the applicable warranties, that in fact they did

7    conform the Vehicle to said warranties, and that all the defects, malfunctions, misadjustments,

8    and/or nonconformities have been repaired; however, Manufacturer or its representatives

9    failed to conform the Vehicle to the applicable warranties because said defects, malfunctions,

10   misadjustments, and/or nonconformities continue to exist even after a reasonable number of

11   attempts to repair was given.

12

13                              **FIRST CAUSE OF ACTION**

14    (Breach of Implied Warranty of Merchantability under Song-Beverly Warranty Act against all

15                                    Defendants)

16    15.    Plaintiff realleges each and every paragraph (1-14) and incorporates them by this

17    reference as though fully set forth herein.

18

19    16.    The distribution and sale of the Vehicle was accompanied by the Manufacturer and

20    Seller's implied warranty that the Vehicle was merchantable.

21    17.    Furthermore, Defendants, and each of them, impliedly warranted, *inter alia,* that the

22    Vehicle would pass without objection in the trade under the contract description; that the

23    Vehicle was fit for the ordinary purposes for which it was intended; that the Vehicle was

24    adequately assembled; and/or that the Vehicle conformed to the promises or affirmations of

25

26    fact made to Plaintiff.

27

28

                                          5

18.     As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities alleged herein, the Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect, because it could not pass without objection in the trade under the contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

19.     Upon discovery of the Vehicle's nonconformities, Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time that the Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

20.     As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiff has sustained damage in the amount actually paid or payable under the contract, plus prejudgement interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

21.     As a further result of the actions of Defendants, and each of them, Plaintiff has sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact amount of incidental damages when that amount is ascertained.

22.     As a further result of the actions of Defendants, and each of them, Plaintiff has sustained damages equal to the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted.

23.     As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to

Song-Beverly, Plaintiff, in addition to her other remedies, is entitled to the recovery of her attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

## SECOND CAUSE OF ACTION

(Breach of Express Warranty under Song-Beverly Warranty Act against all Defendants)

24.     Plaintiff realleges each and every paragraph (1-23) and incorporates them by this reference as though fully set forth herein.

25.     The Vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiff.

26.     Plaintiff delivered the Vehicle to Manufacturer or its authorized repair facilities for repair.

27.     Defendants, and each of them, failed to service or repair the Vehicle to match the written warranty after a reasonable number of opportunities to do so.

28.     The acts and/or omissions of Defendants, and each of them, in failing to perform the proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable express warranties constitute a breach of the express warranties that the Manufacturer provided to Plaintiff, thereby breaching Defendants' obligations under Song-Beverly.

29.     Defendants, and each of them, failed to perform the necessary repairs and/or service in good and workmanlike manner. The actions taken by Defendants, and each of them, were insufficient to make the Subject Vehicle conform to the express warranties and/or proper operational characteristics of like Vehicles, all in violation of Defendants' obligations under Song-Beverly.

7

30.     As a result of the acts and/or omissions of Defendants, and each of them, and pursuant to the provisions of the Song-Beverly, Plaintiff is entitled to replacement of the Vehicle or restitution of the amount actually paid or payable under the contract, at Plaintiff's election, plus prejudgment interest thereon at the legal rate. Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election, when that amount has been ascertained.

31.     Additionally, as a result of the acts and/or omissions of Defendants, and each of them, and pursuant to Song-Beverly, Plaintiff has sustained and is entitled to consequential and incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave of the court to amend this complaint to set forth the exact amount of consequential and/or incidental damages, when those amounts have been ascertained.

32.     As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to other remedies, is entitled to the recovery of her attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

**THIRD CAUSE OF ACTION**

(Breach of Written Warranty under Magnuson-Moss Warranty Act against all Defendants)

33.     Plaintiff realleges each and every paragraph (1-32) and incorporates them by this reference as though fully set forth herein.

34.     Plaintiff is a "Consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter referred to as the "Warranty Act") 15 USC 2301(3).

8

35.     The Seller is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 USC 2301(4), (5).

36.     The Manufacturer is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 USC 2301(4), (5).

37.     The Vehicle is a "Consumer Product" as defined in the Warranty Act, 15 USC 2301(1).

38.     The Vehicle was manufactured, sold, and leased /purchased after July 4, 1975.

39.     The express warranty given by the Manufacturer pertaining to the Vehicle is a "Written Warranty" as defined in the Warranty Act, 15 USC 2301(6).

40.     The Seller is an authorized dealership/agent of the manufacturer designated to perform repairs on Vehicles under Manufacturer's warranties.

41.     The above-described actions (failure to repair and/or properly repair the above-mentioned defects, etc.), including failure to honor the written warranty, constitute a breach of the written warranty by the Manufacturer and Seller actionable under the Warranty Act, 15 USC 2310(d)(1), (2).

42.     As a direct result of the Manufacturer and/or Seller's acts and/or omissions, Plaintiff has suffered damages as set forth herein. Therefore, Plaintiff is entitled to a judgment and the following relief against all Defendants: (1) A declaration that acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance; (2) A refund of the purchase price paid by Plaintiff for the Vehicle; (3) Cancellation of Plaintiff's retail installment contract and payment in full of the balance of same; (4) Consequential, incidental, and actual damages to be proved at trial; (5) Costs and expenses including actual attorneys'

9

fees reasonably incurred; (6) Prejudgment interest at the legal rate; and (7) Such other relief the Court deems appropriate.

## FOURTH CAUSE OF ACTION

(Breach of Implied Warranty under Magnuson-Moss Warranty Act against all Defendants)

43.     Plaintiff realleges each and every paragraph (1-42) and incorporates them by this reference as though fully set forth herein.

44.     The above-described actions on the part of the Seller constitute a breach of the implied warranties of merchantability actionable under the Warranty Act, 15 USC 2301(7), 2308, 2310(d)(1), (2).

45.     As a direct result of the Seller's acts and/or omissions, Plaintiff has suffered damages as set forth herein. Therefore, Plaintiff is entitled to judgment against all Defendants declaring acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance, for a refund of the purchase price paid by Plaintiff for the Vehicle, for cancellation of Plaintiff's retail installment contract and for payment in full by Defendants and all of them on the balance of the installment contract, for consequential, incidental, and actual damages, for costs, prejudgment interest at the legal rate, for actual attorneys' fees reasonably incurred, and such other relief the Court deems appropriate.

///

///

///

///

///

///

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

A.   For replacement or restitution, at Plaintiff's election, according to proof;

B.   For incidental damages, according to proof;

C.   For consequential damages, according to proof;

D.   For a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages;

E.   For actual attorney's fees, reasonably incurred;

F.   For costs of suit and expenses, according to proof;

G.   For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

H.   For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

I.   For pre-judgment interest at the legal rate;

J.   Such other relief the Court deems appropriate.


Date: 6/19/19

Respectfully submitted,
CONSUMER LEGAL SERVICES, P.C.

By

Christopher M. Lovasz, Esq.
Jeeho H. Lim, Esq.
Attorney for Plaintiffs,
SANDRA KOLAKOWSKI

11

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Christopher M. Lovasz, Esq. (SBN 303120)<br>CONSUMER LEGAL SERVICES, P.C.<br>2330 Long Beach Blvd.<br>Long Beach, California 90806<br><br>TELEPHONE NO. 562-424-3293    FAX NO. 562-595-1349<br>ATTORNEY FOR (Name): SANDRA KOLAKOWSKI | ENDORSED<br>FILED<br><br>JUN 21 2019<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS 600 Administration Drive, Room 107J
MAILING ADDRESS Same as Street Address
CITY AND ZIP CODE Santa Rosa, CA 95403
BRANCH NAME Hall of Justice

CASE NAME: SANDRA KOLAKOWSKI v. FCA US LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: SCV-264670 |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case.

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| Auto (22) | [X] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| Uninsured motorist (46) | Rule 3.740 collections (09) | Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | Other collections (09) | Construction defect (10) |
| Damage/Wrongful Death) Tort | Insurance coverage (18) | Mass tort (40) |
| Asbestos (04) | Other contract (37) | Securities litigation (28) |
| Product liability (24) | Real Property | Environmental/Toxic tort (30) |
| Medical malpractice (45) | Eminent domain/Inverse | Insurance coverage claims arising from the |
| Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | Other real property (26) | Enforcement of Judgment |
| Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| Defamation (13) | Commercial (31) | Miscellaneous Civil Complaint |
| Fraud (16) | Residential (32) | [ ] RICO (27) |
| Intellectual property (19) | Drugs (38) | Other complaint (not specified above) (42) |
| Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| Other non-PI/PD/WD tort (35) | Asset forfeiture (05) | Partnership and corporate governance (21) |
| Employment | Petition re: arbitration award (11) | Other petition (not specified above) (43) |
| Wrongful termination (36) | Writ of mandate (02) | |
| Other employment (15) | Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): FOUR
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date 6/11/19

Christopher M. Lovasz, Esq. (SBN 303120)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# EXHIBIT D

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonoma.courts.ca.gov | (FOR COURT USE ONLY)<br><br>ENDORSED<br>FILED<br><br>JUN 2 1 2019 |
|---|---|
| FCA US LLC vs Kolakowski | SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br><br>SCV-264670 |

**A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT**
**AND WITH ANY CROSS-COMPLAINT**

1. **THIS ACTION IS ASSIGNED TO HON. Allan D Hardcastle FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.
2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.

A Case Management Conference has been set at the time and place indicated below:

| Date: 10/24/2019 Time: 3:00 PM Courtroom 19 |
|---|
| Location: Civil and Family Law Courthouse<br>3055 Cleveland Ave<br>1st Floor<br>Santa Rosa, CA 95403 |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.
4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.
5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

**ORDER TO SHOW CAUSE**
To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://sonoma.courts.ca.gov/self-help/adr.

## ELECTRONIC SERVICE OF DOCUMENTS

### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County. The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | |
|---|---|
| **SAVE MONEY** | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| **SAVE TIME** | Instant service of your documents on all parties |
| **SAVE SPACE** | With 24/7 internet access to all documents, you do not need to house paper copies |
| **GAIN CERTAINTY** | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org. The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments. The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov. On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

### Pursuant to Local Rule 5.1.C:

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

#### Pursuant to Local Rule 5.1.C.1:

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.

**NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC**
CRC, Rules 3.110, 3.720-3.730; CCP§§ 177.5, 583.410

# EXHIBIT E

1  Roger G. Perkins, Esq. (SBN 86617)
   Erin E. Hanson, Esq. (SBN 272813)
2  **CLARK HILL LLP**
   One America Plaza
3  600 West Broadway, Suite 500
   San Diego, California 92101
4  Telephone:    (619) 557-0404
   Facsimile:    (619) 557-0460
5  RPerkins@clarkhill.com
   EHanson@clarkhill.com
6
   Attorneys for Defendant FCA US LLC
7

**ENDORSED
FILED**

JUL 24 2019

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SONOMA

10

11 SANDRA KOLAKOWSKI, an individual,        Case No. SCV-264670

12              Plaintiff,                   Assigned to:  Hon. Allan D. Hardcastle
                                             Dept.:       19
13       v.
                                             **ANSWER OF DEFENDANT FCA US LLC TO
14 FCA US LLC, a Delaware Limited Liability  PLAINTIFF'S UNVERIFIED COMPLAINT**
   Company; LITHIA OF SANTA ROSA, INC.
15 d/b/a LITHIA CHRYSLER JEEP DODGE OF       Complaint Filed: June 21, 2019
   SANTA ROSA, a California Corporation; and
16 DOES 1 through 20, inclusive,

17              Defendants.

18

19       Defendant FCA US LLC ("Defendant") hereby answers the Complaint of Plaintiff SANDRA

20 KOLAKOWSKI ("Plaintiff") as follows:

21                          **GENERAL DENIAL**

22       Pursuant to Code of Civil Procedure section 431.30(d), this Defendant generally denies each and

23 every allegation and cause of action stated in Plaintiff's Complaint, and further expressly denies that, as

24 a direct or proximate result of any alleged acts or omissions on the part of this answering Defendant,

25 Plaintiff herein sustained or suffered injury or damage in the amount alleged in the Complaint, or in any

26 amount at all, or that Plaintiff has suffered injury or damage for any reason in the sums alleged in the

27 Complaint, or in any other sum or sums, or at all.

28 ///

                                             1
ANSWER OF DEFENDANT FCA US LLC TO PLAINTIFF'S UNVERIFIED COMPLAINT

**AFFIRMATIVE DEFENSES**

Defendant asserts and alleges the following separate and distinct affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Defendant is informed and believes and thereon alleges that Plaintiff's causes of action as alleged in its Complaint are barred by the applicable statutes of limitations, including but not limited to: Civil Code sections 335.1, et seq.; Civil Procedure Code sections 337 and 338, et seq.; Commercial Code section 2725, etc.

**SECOND AFFIRMATIVE DEFENSE**

(Lacks Standing)

Defendant is informed and believes and thereon alleges that Plaintiff's causes of action arising out of the Song-Beverly Consumer Warranty Act are barred to the extent Plaintiff did not purchase the subject vehicle within the State of California.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovery because Plaintiff could have mitigated the amount of its damages by the exercise of reasonable effort but failed to do so.

**FOURTH AFFIRMATIVE DEFENSE**

(Estoppel/Waiver)

Defendant is informed and believes and thereon alleges that Plaintiff's claims for relief and damages against this Defendant are barred by the doctrines of estoppel and waiver.

**FIFTH AFFIRMATIVE DEFENSE**

(Offset)

Defendant alleges that, if it has or will incur any damages by reason of Plaintiff's conduct arising out of this case, then Defendant has the right to offset any amounts owed by Plaintiff to Defendant against monies allegedly owed by Defendant to Plaintiff.

/ / /

ANSWER OF DEFENDANT FCA US LLC TO PLAINTIFF'S UNVERIFIED COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

(Compliance with Industry Standards)

At all relevant times, this answering Defendant was informed and believes and thereon alleges that it acted in conformity with industry standards based upon the state of knowledge existing at the various time periods alleged in the Complaint, and therefore Plaintiff is barred from any recovery in this action.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Perform Conditions Precedent)

Plaintiff failed to perform contractual conditions precedent to Defendant's performance. This failure excuses any alleged nonperformance by Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

(Contribution and Indemnification)

Defendant alleges it is entitled to a right of indemnification by apportionment and to a right of contribution from any person or entity whose negligence proximately contributed to the alleged injuries and damages of Plaintiff in the event Plaintiff receives a verdict against this Defendant.

## NINTH AFFIRMATIVE DEFENSE

(Lack of Notice)

This answering Defendant is informed and believes and thereon alleges that the Complaint fails to state facts sufficient to warrant the imposition of civil penalties because Plaintiff failed to serve upon Defendant written notice requesting that Defendant comply with paragraph (2) of subdivision (d) of Civil Code §1793.2 as required by Civil Code §1794(e)(3).

## TENTH AFFIRMATIVE DEFENSE

(Disclaimer)

Defendant contends that Plaintiff's cause of action for breach of express warranty and incidental and consequential damages is barred by the express disclaimers and imitations of liability contained in the alleged express warranties.

/ / /

/ / /

## ELEVENTH AFFIRMATIVE DEFENSE

(Unreasonable Use)

This answering Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovery by virtue of Civil Code §1794.3 since the claimed defect or nonconformity was caused by the unauthorized or unreasonable use of the subject vehicle following its sale to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

(Civil Code §1791.1(c))

This answering Defendant is informed and believes and thereon alleges that each and every cause of action based upon breach of implied warranty is barred by virtue of Civil Code §1791.1(c).

## THIRTEENTH AFFIRMATIVE DEFENSE

(Burden of Proof)

Any right to civil penalties is the plaintiff's burden and must be proven by clear and convincing evidence.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

New information or knowledge may require the assertion of unstated affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they are appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ANSWER OF DEFENDANT FCA US LLC TO PLAINTIFF'S UNVERIFIED COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1.  That Plaintiff takes nothing by way of her Complaint;

2.  That Plaintiff's Complaint be dismissed with prejudice;

3.  That Defendant recover its costs of suit herein; and

4.  For such other and further relief as the Court may deem just and proper.

Dated: July 24, 2019                                    **CLARK HILL LLP**

By: _____
Roger G. Perkins, Esq.
Erin E. Hanson, Esq.
Attorneys for Defendant FCA US LLC

ANSWER OF DEFENDANT FCA US LLC TO PLAINTIFF'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE**

*Sandra Kolakowski v. FCA US LLC, et al.*
*SCSC, Case No. SCV-264670*

I, the undersigned, am an employee of CLARK HILL LLP, located at 1055 West 7th Street, 24th Floor, Los Angeles, California 90017.  I am over the age of eighteen (18) and not a party to this matter. On July 24, 2019, I served the document(s) listed below as follows:

1. **ANSWER OF DEFENDANT FCA US LLC TO PLAINTIFF'S UNVERIFIED COMPLAINT**

to the following party(ies) in this matter:

| | |
|---|---|
| Christopher M. Lovasz, Esq.<br>Jeeho H. Lim, Esq.<br>**CONSUMER LEGAL SERVICES, P.C.**<br>2330 Long Beach Boulevard<br>Long Beach, California 90806<br>T: 562-424-3293<br>F: 562-595-1849<br>clovasz@lemonauto.com<br>jlim@lemonauto.com | *Attorneys for Plaintiff*<br>**SANDRA KOLAKOWSKI** |

☐ **BY PERSONAL SERVICE:**  I caused the foregoing document(s) to be personally delivered to the above addressee(s) by First Legal Network via a registered process server pursuant to C.C.P. § 1011.

☒ **BY U.S. MAIL:**  I enclosed the foregoing document(s) in a sealed envelope to the addressee(s) above and, under the firm's ordinary course of business, placed said envelope(s) for pick up and mailing pursuant to C.C.P. § 1013.  I am readily familiar with the firm's practice of processing outgoing mail, under which outgoing mail is deposited for pickup by the U.S. Postal Service on the same day stated in the proof of service, with postage fully prepaid, at Los Angeles, California.

☐ **BY OVERNIGHT DELIVERY (VIA FEDEX):**  I enclosed the foregoing documents in a sealed envelope or package to the addressee(s) listed above and placed said envelope or package for pick up for overnight delivery via FedEx under the firm's ordinary course of business.  I am familiar with the firm's practice of collecting and processing correspondence for overnight delivery via FedEx.  Under that practice, the envelope or package would be deposited for pick up by an authorized FedEx courier or driver that same day at Los Angeles, California and delivered to the addressee(s) the following business day pursuant to C.C.P. § 1013.

☐ **BY ELECTRONIC SERVICE/EMAIL:**  I electronically filed the document(s) with this Court using the Court's designated electronic filing service provider, which sent notification of that filing to the person(s) listed above to accept service by electronic transmission, and/or I caused the document(s) to be transmitted via electronic mail to the addressees as listed above pursuant to C.C.P. §§ 1010.6 and 1013(g), Cal. Rule of Court 2.251, and/or agreement or stipulation between the parties.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.  Executed on July 24, 2019, at Los Angeles, California.

_____
Stephanie Registre

1

## CERTIFICATE OF SERVICE
*Sandra Kolakowski v. FCA US LLC, et al.*
United States District Court for the Northern District of California,
Case No. 3:19-cv-04260

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 West Seventh Street, 24th Floor, Los Angeles, California 90017.

     On July 24, 2019, I served the foregoing document(s) described as:

1. **CIVIL COVER SHEET;**
2. **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTION 1331 (FEDERAL QUESTION);**
3. **DECLARATION OF ERIN E. HANSON IN SUPPORT OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1331;**
4. **NOTICE OF INTERESTED PARTIES**

on the parties in this action by placing

     ☐ the original of the document(s)      ☒ true copies of the document(s)

in separate sealed envelopes addressed to the following party(ies) in this matter at the following address(es):

| | |
|---|---|
| Christopher M. Lovasz, Esq.<br>Jeeho H. Lim, Esq.<br>**CONSUMER LEGAL SERVICES, P.C.**<br>2330 Long Beach Boulevard<br>Long Beach, California 90806<br>T: 562-424-3293<br>F: 562-595-1849<br>clovasz@lemonauto.com<br>jlim@lemonauto.com | ***Attorneys for Plaintiff***<br>**SANDRA KOLAKOWSKI** |

☒   **BY U.S. MAIL:** I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith. I am readily familiar with Clark Hill's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐   **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the above-named persons at the addresses exhibited therewith. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **BY FACSIMILE:**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the above-named persons at the fax numbers exhibited therewith.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached.

☐ **BY PERSONAL SERVICE:**  I caused the above document to be personally served to the above-named persons at the addresses exhibited therewith.
(1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the above-named persons at the e-mail addresses exhibited therewith.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY CM/ECF:**  The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

Executed on July 24, 2019, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
STEPHANIE REGISTRE